THE STATE, EX REL. STOUGH, APPELLEE, *v.* BD. OF EDN. OF THE NORTON CITY SCHOOL DIST. ET AL., APPELLANTS.

(No. 76-968—Decided April 27, 1977.)

48

Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee and Mr. Robert J. Walter, for appellee.

Messrs. Squire, Sanders & Dempsey, Mr. John F. Lewis, Mr. John T. Meredith and Mr. Thomas E. Downey, Jr., for appellants.

*Per Curiam.* Since no appeal was taken by the board from the order of the civil service commission, that order is final and conclusive unless it is void and therefore subject to collateral attack. The board raises such an attack by claiming that the commission lacked jurisdiction in the cause and that the relator's appeal should properly have been taken to the Common Pleas Court under R. C. 3319.-081.

The commission found that it did have jurisdiction over relator's appeal, which impliedly included a finding that she was a member of the classified service of the city school district. Under R. C. 124.34, the commission has subject-matter jurisdiction to hear an appeal by an officer or employee in the classified service of a city school district in the case of reduction, suspension of more than five working days, or removal. R. C. 3319.081 has an analogous provision for "all school districts wherein the provisions of Sections 143.01 to 143.48, inclusive [now R. C. 124.01 *et seq.*], of the Revised Code, do not apply." By its specific terms, R. C. 3319.081 can have no application to city school districts, which are governed by R. C. 124.01 *et seq.* Further, the argument raised by the board that subject-matter jurisdiction does not attach until the commission has taken the steps required for compliance with R. C. 124.40, by es-

tablishing classification and testing procedures, has no basis in the statutory language. Under R. C. 124.11(B), "[t]he classified service shall comprise all persons in the employ of the state * * * and city school districts thereof, not specifically included in the unclassified service * * *," and R. C. 124.34 grants a right of appeal to the commission to "every officer or employee in the classified service of the state * * * and city school districts thereof * * *." These statutes contain no suggestion that the jurisdiction of the commission depends upon its having adopted rules relating to that officer or employee.

The board also urges that the Norton city charter does not grant jurisdiction to the commission over city school district employees, but that fact is irrelevant. Jurisdiction over city school district employees is granted and directed to be exercised by statute, in accordance with the state's authority over public education under Section 3, Article VI of the Ohio Constitution. A city charter has no effect upon this statutory grant of jurisdiction.

Finally, the board contends that because the relator was not properly tested and appointed from a civil service list, she is not entitled to the protections of civil service or to reinstatement. Where properly raised, that contention has been held to be valid. *State, ex rel. Baker,* v. *Wichert* (1953), 159 Ohio St. 50; *State, ex rel. Lynch,* v. *Taylor* (1940), 136 Ohio St. 417; *State, ex rel. Stein,* v. *Dept. of Highways* (1940), 136 Ohio St. 252. However, in the present case, that contention amounts only to a claim that the commission erred in determining the relator's status and eligibility, and not that it lacked jurisdiction to hear an appeal by one claiming classified status.

"Power to hear and determine a controversy is jurisdiction, and it is complete when both the subject matter of the controversy and the parties to it are properly before the court. In determining whether a given subject matter is within the jurisdiction of a court, regard to the parties is not involved." *Handy* v. *Insurance Co.* (1881), 37 Ohio St. 366, 370.

"[J]urisdiction is a matter of power and covers wrong as well as right decisions. * * *

"However, every wrong decision, even by an administrative body, is not *void* as being beyond the so-called. jurisdiction of the tribunal, even though *voidable* by proper judicial process. Logic compels the conclusion that this is true where a specifically prescribed course of immediate judicial review or judicial examination is provided within the same act, for the relief of those persons claimed to be aggrieved by illegal or improper action of an administrative tribunal, especially where such persons fail to take advantage of the specific judicial review or examination so provided." (Citations omitted.) *Garverick* v. *Hoffman* (1970), 23 Ohio St. 2d 74, 79. See, also, *National Tube Co.* v. *Ayres* (1949), 152 Ohio St. 255, 267-68.

Since the commission had jurisdiction over both the subject matter and the parties in this cause, its order, standing unappealed, is final, and the claims of error raised by the board are barred by principles of *res judicata*. The same result was reached in the case of *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263, which is controlling here.

Because the decision of the commission was a valid, final order, relator is entitled to a writ of mandamus directing compliance with that order.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.