TURNER-BRANNOCK, APPELLANT, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. CA83-05-045—Decided
March 19, 1984.)

*Ms. Jodi D'Amico* and *Mr. Jay F. McKirahan,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Marquette D. Evans,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County, Ohio.

Kimberly Turner-Brannock, appellant herein, was employed by the Ohio Bureau of Employment Services as an intermittent claims examiner. Appellant was eventually displaced from her position by a certified civil servant selected from an eligibility list created for the position held by appellant. At the time she was displaced, appellant resided in Clermont County.

Appellant appealed her removal to the State Personnel Board of Review ("the board"), but did so apparently after she had moved to Kentucky. The matter was tried before the board upon stipulated facts. The recommendation of the hearing examiner was that appellant's discharge be "disaffirmed" and appellant be reinstated. On March 23, 1982, the board adopted this recommendation. After a motion for reconsideration was filed, the board vacated its March 23 order and affirmed appellant's removal by an order dated April 12, 1982.

Appellant appealed this latter order of the board to the Clermont County Court of Common Pleas. The Ohio Bureau of Employment Services moved to dismiss the appeal for lack of subject matter jurisdiction. On April 14, 1983, the court of common pleas granted the motion to dismiss and filed a judgment entry to that effect on May 4, 1983. The matter is now before us on appellant's appeal of the judgment entry granting the Bureau of Employment Services' motion to dismiss.

There are two assignments of error raised by appellant which read as follows:

First Assignment of Error:

"The appeal of appellant's removal from her position was properly filed in the court of common pleas of her county of residence, and that court has subject matter jurisdiction over that appeal."

Second Assignment of Error:

"Appellant was a resident of Clermont County at the time of her discharge from the Ohio Bureau of Employment Services, and therefore the Clermont County Court of Common Pleas had jurisdiction over appellant's appeal."

Although there are two assignments of error, they both contest the finding of the trial court that it lacked jurisdiction over the subject matter. Accordingly, our discussion will be directed towards that central question as it is raised by appellant's assignments of error.

The trial court ruled that it lacked jurisdiction over the subject matter because appellant did not reside in Clermont County when she appealed her dismissal and because she had not been discharged for disciplinary reasons. The former basis is the subject of the second assignment of error and the latter, the subject of the first assignment of error.

R.C. 124.34 provides in pertinent part that:

"The tenure of every officer or employee * * * holding a position under this chapter of the Revised Code, shall

be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. * * *

"In any case of * * * removal, the appointing authority shall furnish such employee with a copy of the order of * * * removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review * * *.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review * * *.

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

Appellant's residence at the time of her dismissal and at the time of her appeal are the relevant facts for the second assignment of error. Appellant resided in Clermont County at the time of her dismissal. When she appealed her discharge to the board, she listed a Kentucky address on the notice of appeal. The question for consideration is whether an appeal that is properly governed by R.C. 124.34 may be perfected in a county where the employee resided at the time of her dismissal but which is no longer the county of her residence at the time of the appeal.

R.C. 124.34 provides that when an employee is removed, the employee is to be furnished a copy of the removal order. The employee may then appeal that order to the board and, in turn, to the appropriate court of common pleas. The position taken by appellees is that the appeal to the common pleas court should be brought in Franklin County since appellant no longer resides in Clermont County. Reliance for this argument is placed on R.C. 119.12, which provides in part that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin [C]ounty * * *."

Our review of R.C. 124.34 leads us to the conclusion that an employee who has the right to appeal under R.C. 124.34 is not estopped from appealing to the common pleas court in the county of her residence simply because she no longer resides there at the time of the appeal. An employee's right of appeal is triggered by her removal or dismissal. The decision to remove an employee raises that employee's right to appeal to the board, and, if necessary, to the common pleas court.

The reference in R.C. 124.34 to the "county in which the employee resides" means the county in which the employee resided at the time her right to appeal her dismissal or removal arose, *i.e.,* the county in which the employee resided at the time she was dismissed. If the appeal is one which must be brought under R.C. 124.34, an employee is required to bring it in the county of her residence since "* * * the forum provisions of R.C. 124.34 * * * were intended to supercede those of R.C. 119.12." *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102, 105 [18 O.O.3d 345]. Thus, appellees' argument that the appeal should be brought in Franklin County under R.C. 119.12 is

misplaced since appeals which fall within the purview of R.C. 124.34 may only be brought, if at all, in the county of the employee's residence. *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485].

To hold that appellant could not bring her appeal in Clermont County would effectively deprive appellant of a forum. Appellant should not be required to remain in Clermont County during the entire pendency of the appeal of her dismissal, especially where in doing so she might suffer unnecessary economic hardship. The second assignment of error, as it pertains to the question of appellant's residency, is well-taken and is hereby sustained.

Notwithstanding our decision on the second assignment of error, we must now consider the first assignment of error and determine whether the Clermont County Court of Common Pleas had jurisdiction over the subject matter for purposes other than residency. In our review of the first assignment we stated that appellant's appeal would have to be brought in the county of her residence. That conclusion was based on the underlying premise that appellant's dismissal was one which was in fact covered by R.C. 124.34. The lower court also held it did not have jurisdiction because appellant's displacement and removal was not for disciplinary reasons. R.C. 124.34 provides that removals for disciplinary reasons are to be appealed in the common pleas court located in the county where the employee resides. We must now decide whether appellant's removal was for disciplinary reasons and therefore covered by the provisions of R.C. 124.34.

As used in R.C. 124.34, "removal * * * for disciplinary reasons" imports a concept of punitive treatment of a reformational nature designed to correct or punish for failure to accept, obey or comply with an established system or set of rules and regulations. In the case at bar,

appellant was removed because another individual chosen from an eligibility list was selected to replace appellant. Clearly, this does not involve a removal for disciplinary reasons. Nor does appellant's apparent failure to take a civil service exam qualify as an act of misfeasance or nonfeasance as set forth in the statute.

Appeals of this nature do not provide an individual with a dual forum for appeal. See *Davis, supra.* If the appeal is one covered by R.C. 124.34, the appeal must be taken in the county where the employee resides. As this was a removal for non-disciplinary reasons, the appeal does not fall within the provisions of R.C. 124.34. Thus, the proper forum for perfecting appellant's appeal would be in Franklin County pursuant to R.C. 119.12. Accordingly, the first assignment of error is overruled. We therefore affirm the trial court's decision to dismiss for lack of subject matter jurisdiction even though we sustain the second assignment of error.

*Judgment affirmed.*

KOEHLER, P.J., JONES and HOTTLE, JJ., concur.

HOTTLE, J., of the Court of Common Pleas of Highland County, sitting by assignment in the Twelfth Appellate District.