**Dr. John VODILA, Plaintiff,**

v.

**Roderick CLELLAND, et al., Defendants.**

**No. C83–1512–A.**

United States District Court, N.D. Ohio, E.D.

May 17, 1985.

Jay F. McKirahan, Columbus, Ohio, for plaintiff.

David J. Kovach, Asst. Atty. Gen., Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

Plaintiff filed the instant action against Defendants Roderick Clelland, Dorothy Demharter, Juan Ghersi, Dr. Donald Cotton Jr., Dorothy Cooper and William Spiker on April 6, 1983. Defendants filed a Motion to Dismiss, or In the Alternative, For a More Definite Statement on June 2, 1983. This Court referred this case to Magistrate Charles R. Laurie for general pretrial supervision on October 25, 1983. Magistrate Laurie filed his Report and Recommendation on February 14, 1984. For the reasons set forth below, this Court adopts the Magistrate's Report and Recommendation and grants Defendants' Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted.

### I.

Plaintiff was employed as a dentist by the Department of Mental Retardation and Developmental Disabilities for the State of Ohio. On July 20, 1983, he was dismissed from his position at Masillon State Hospital pursuant to an order signed by Defendant Clelland, who is superintendent of that institution. The dismissal order "alleged neglect of duty, failure of good behavior, insubordination, incompetence, misfeasance, malfeasance, and nonfeasance." A 15–page "Bill of Particulars" was attached.[1]

Plaintiff's Complaint, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and the First and Fourteenth Amendments, charges that he was denied due process of law because he was not afforded any type of hearing to refute the charges against him prior to his dismissal. In addition, plaintiff claims that defendants have denied him his protected liberty interests by impugning his good name and reputation. In addition, plaintiff contends that his First Amendment rights have been chilled in a "Hobson's Choice of whether to grant or refuse access to [his personnel file] by possible other employers." Plaintiff seeks reinstatement with back pay, compensatory and punitive damages in the amount of one million dollars against each individual defendant, and attorney's fees and costs.

### II.

## DUE PROCESS CLAIMS

This Court has reviewed the Magistrate's Report and Recommendation in light of the Supreme Court's recent decision in *Cleveland Bd. of Education v. Loudermill,* —— U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Since the Magistrate's Report and Recommendation was filed nearly a year before the *Loudermill* ruling, this Court must be sensitive to any changes in Fourteenth Amendment jurisprudence effected by that case. *Loudermill* held that the Due Process Clause requires a pretermination hearing before an individual (in that case, a public employee) is deprived of a significant property or liberty interest. This Court concludes that the Magistrate's recommendation to dismiss Plaintiff's complaint is consistent with the analysis and principles of *Loudermill* and is correct.

### A. PROPERTY INTEREST

■ Whether an individual is entitled to Due Process protection depends on the existence of a valid property or liberty interest. In *Loudermill,* the Court reiterated that property interests are defined by "independent sources such as state law" and found that the Ohio Revised Code § 124.11 created such a property interest when it defined the respondents as "classified civil service employees" who could not be dismissed "except for misfeasance, malfeasance, or nonfeasance in office." —— U.S. at ——, 105 S.Ct. at 1491.

■ In the instant case, however, the Magistrate correctly found that Ohio Re-

1. Plaintiff did not attach either the Dismissal Order or the Bill of Paraticulars to his complaint and there is no indication that the Magistrate actually reviewed these documents.

vised Code § 124.11(A)(13) defines dentists in the employ of the department of mental health as "unclassified civil servants" and that under state law, as Plaintiff concedes, an unclassified civil servant has no property interest in continued employment. Since Plaintiff has failed to establish a protected property interest, his 14th Amendment Due Process claim must be dismissed.

## B. LIBERTY INTEREST

■■■ Plaintiff also contends that he was deprived of a liberty interest without due process. In order to establish a protected liberty interest, an individual must demonstrate that: (1) the charges against him are of such nature as to damage his reputation or stigmatize him in the community; (2) that the charges are false; (3) that he was denied a meaningful hearing to clear his name; and (4) that the charges were made public. *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Wells v. Doland,* 711 F.2d 670, 676 (5th Cir.1983). The Magistrate correctly found that Plaintiff nowhere in his pleadings sets out any factual dispute between himself and his employer leading to the conclusion that plaintiff believes the employer's charges are false. It is not enough for Plaintiff to state, as he does in his Objections to the Magistrate's Report and Recommendation (filed March 21, 1984), that it is implicit in his Complaint that he believes the charges are false "when [the Complaint] is read as a whole for purposes of notice pleading." The Magistrate also noted that Plaintiff nowhere disputed the accuracy of the charges, even in his brief opposing the Motion to Dismiss. Magistrate's Report at 8. Furthermore, the Supreme Court in *Codd v. Velger,* 429 U.S. at 628, 97 S.Ct. at 884, explicitly stated that it "was no overly technical application of the rules of pleading" to require an individual asserting a deprived liberty interest to challenge the truth of the charges against him in his pleadings.

In addition, the Magistrate noted that "Plaintiff offers no explanation as to how, when, or to whom publication [of the charges] was made." Magistrate's Report at 8 n. 3. Since Plaintiff has failed to meet the publication element of the four-part showing required to establish a liberty interest, the Due Process claims with respect to liberty must also be dismissed. In *Loudermill,* coincidentally, failure to allege how the false charges were published also led to a dismissal of Loudermill's liberty claim. —— U.S. at ——, n. 13, 105 S.Ct. at 1496 n. 13. Since Plaintiff has failed to meet two of the four elements of his burden, his liberty interest due process claim must be dismissed.

## III.

## FIRST AMENDMENT CLAIMS

Plaintiff's allegation that his First Amendment rights have been violated because he is faced with the "Hobson's Choice" of granting or refusing access to his personnel files is not cognizable and, as the Magistrate correctly noted, should be dismissed. Plaintiff's First Amendment claim is based on an incorrect and confused reading of two cases. In *Larry v. Lawler,* 605 F.2d 954 (7th Cir.1978), an employee was rated ineligible for federal employment due to alleged alcoholism and "abusive behavior towards his colleagues." *Id.* at 963. Plaintiff in that case made no First Amendment claim. In responding to Plaintiff's *due process* claims, the Court found that since the Civil Service Commission only provided Plaintiff with a summary of their investigation into his case (and not the entire record) and then required him to respond in writing which could lead to a three-year debarment from Government service, the Civil Service Commission was depriving plaintiff of a liberty interest without due process of law. The Court therefore vacated the district court's summary judgment and ordered plaintiff's records expunged. At no point, however, did the Court state that the mere inclusion of information critical of plaintiff's performance in his personnel files constituted a violation of the First Amendment.

In *Croushorn v. Board of Trustees of University of Tennessee,* 518 F.Supp. 9

(M.D. Tennessee 1980), plaintiff contended that defendants had infringed upon his first amendment rights in violation of 42 U.S.C. § 1983. Plaintiff was discharged from his assistant professorship position at the University of Tennessee. Plaintiff claimed he was discharged, *inter alia,* for criticizing the Commissioner of the Tennessee Department of Human Services in a letter which was publicized in the local newspaper. The Court dismissed this First Amendment claim finding that plaintiff was not terminated for his criticism of a public official. However, plaintiff also alleged that the defendants violated his First Amendment rights by placing letters and other documents in his personnel file regarding his criticism of the public official, specifically letters between the criticized public official and the dean of the University regarding punitive action against plaintiff. The Court found that defendant could be found liable for violating defendant's First Amendment rights. However, the Court said "When, as here, the potential or naturally expected use of those files will likely have the effect of penalizing the employee for engaging in such protected activity, the first amendment, not the due process clause forms the basis of the complaint." *Id.* at 41. The Court specifically stated that the "particular papers would never have been produced, much less inserted in the files [of plaintiff], had not plaintiff engaged in protected conduct. Granger's [defendant's] action was thus caused by plaintiff's speech, and the harm thereby created directly infringes upon plaintiff's right to engage in such speech." *Id.* at 40.

■ The instant case therefore is distinguishable from *Croushorn.* Plaintiff in the instant case nowhere alleges that he was discharged for exercising his First Amendment Rights nor that information chronicling his exercise of his First Amendment rights appears in his files. Furthermore, while *Croushorn* does discuss the "Hobson's choice of granting or refusing access" of future employers to personnel files, *id.* at 40, it is done in the context of demonstrating that plaintiff has a real threat of specific future harm. This "Hobson's Choice" is not in itself a basis for a First Amendment violation. Once again, the Court stated that plaintiff has been "compelled to decide that in order to avoid any future harm of [discharge] he must refrain from expressing opinions that are contrary to those held by state officials." *Id.* at 40. There is no showing by the instant plaintiff that his dismissal in and of itself will chill his right to express himself or be critical of officials of the State. Therefore, the Magistrate is correct in dismissing plaintiff's failure to state claims.

### IV.

The Magistrate's Recommendations regarding dismissal of the conspiracy, pendent state claims and motion for attorney fees are correct and are hereby adopted.

### V.

The Magistrate's Report and Recommendation is approved and adopted; Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim is granted.

IT IS SO ORDERED.