833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy HICKMAN, Plaintiff-Appellant,
v.
Dorothy SHOEMAKER, as Executrix of the Estate of Myrl
Shoemaker, officially and individually; William Denihan,
officially and individually; Thomas Sherman, officially and
individually; Larry McCartney, officially and individually,
Defendants-Appellees.
 No. 86-3808.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, appellant Nancy Hickman appeals pro se from the district court's dismissal of her 42 U.S.C. Secs. 1983 and 1985 action. She seeks redress for her termination as Chief of the Ohio Civilian Conservation Corps (CCC). The district court found that Hickman failed to state a claim upon which relief could be granted; the court granted summary judgment to defendants--appellees Dorothy Shoemaker, William Denihan, Thomas Sherman, and Larry McCartney.
 
 
 2
 Pursuant to the authority granted him under Ohio Revised Code (O.R.C.) Sec. 1553.01(A) (Baldwin 1982) Myrl Shoemaker appointed appellant-Hickman Chief of the CCC in January, 1983. At that time Shoemaker, who had recently been elected Lieutenant Governor and appointed Director of the Ohio Department of Natural Resources (DNR), suffered from poor health and could not fully perform his public duties. He died in the middle of 1985, soon after the institution of the present suit.
 
 
 3
 O.R.C. Chapter 1553 enumerates the duties of the Chief of the CCC. Hickman states that her early tenure was marked by the successful execution of these process. The second count, brought under section 1985(3), claimed that the defendants conspired to deprive her of the equal protection of the laws, as well as the rights and privileges of citizenship. The third count, also brought under section 1983, claimed that defendants' refusal to allow Hickman to submit unedited reports to the state legislative bodies or to testify before the Ohio House Budget Committee constituted a deprivation of her first amendment rights.
 
 
 4
 The district court found these claims meritless and dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6). We agree with the district court's judgment and for the reasons set forth below affirm.
 
 I.
 
 5
 This court held in Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984) that the standard of review "[w]hen evaluating a motion to dismiss brought pursuant to rule 12(b)(6), [is to regard] the factual allegations in the complaint ... as true." Id. at 158. This court has also said "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 The standard of review enunciated in these cases helps to frame a key issue in judging whether the district court properly dismissed Hickman's complaint. The question is whether Hickman has a cognizable property interest in continued public employment. It is resolved by determining whether a CCC Chief is a classified or unclassified position. O.R.C. Sec. 124.11 divides Ohio civil servants into those two groups. Unclassified civil servants can be terminated without the state having to follow the procedural steps classified civil servants are entitled to. Vodila v. Clelland, 613 F.Supp. 69 (ND Ohio 1985) aff'd mem 802 F.2d 460 (6th Cir.1986), vacated on other grounds 107 S.Ct. 3255 (1987). O.R.C. Sec. 124.11(B) says, "[t]he classified service shall comprise all persons in the employ of the state ..., not specifically included in the chiefs of divisions in the department of natural resources shall be appointed by the director of natural resources. The chiefs of those divisions may be removed by the director." Based on the above-cited statutes, it is clear that Hickman was an unclassified employee and had no property interest in her continued employment. Thus her claim that the district court's summary dismissal violated her right to procedural due process is without merit.
 
 
 7
 As for Hickman's claim that defendants conspired to deprive her of the equal protection of the laws and her rights and privileges of citizenship, we point out that Hickman held an appointed position in the executive branch of the Ohio State Government. The activity she complains of--having her duties cut back--is purely political in character. The courts have long held that such issues are nonjusticiable. See Baker v. Carr, 369 U.S. 186 (1962). Therefore we agree with the district court that neither the alleged curtailment of Hickman's duties nor her termination violated her civil rights.
 
 II.
 
 8
 Hickman also claimed her civil and first amendment rights were violated by defendants' refusal to allow her to submit unedited reports to the state legislative bodies or to testify before the Ohio Budget Committee. The district court correctly observed that Hickman does not allege that her first amendment rights as a citizen were abridged. Hickman merely alleges that she was not permitted to fully express her views as the representative of a state executive department. Such allegations do not implicate first amendment rights as defined in Connick v. Myers, 461 U.S. 138 (1983). In that case the Court saw its task as guarding the interests of the employee, as a citizen, in commenting upon matters of public concern, not as an official. Id. at 142.
 
 
 9
 For the above stated reasons we conclude that Hickman's complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6). We hereby AFFIRM the judgment of the district court.