Plaintiff-appellant, John Koren, appeals from a judgment of the Ashtabula County Court of Common Pleas.
Appellant had served as the Director of the Ashtabula County Department of Human Services for approximately thirty-seven years before he fell and broke his hip on January 31, 1995. While appellant was recovering from his injury, he took over four months of sick leave and returned to work on June 4, 1995; however, appellant's return to work was short-lived. On June 19, 1995, appellant wrote a letter to appellee, the Ashtabula Board of County Commissioners, requesting additional time off and stating that he planned to retire when either his sick leave expired or he fully recovered. On July 10, 1995, appellee wrote a letter to appellant notifying him that it was accepting his resignation, effective on the date that his sick leave expired, or at an earlier date, if he so chose. On July 12, 1995, appellant sent a letter to the Board of County Commissioners stating that he had made no decision to retire. Appellee received appellant's letter the afternoon of July 13, 1995, just after it had adopted Resolution No. 95-963, accepting appellant's retirement.
Appellant had no contact with appellee until March 25, 1996, when he unexpectedly returned to work for a portion of the day and indicated his intent to return to work the following day. In response, the Board of County Commissioners sent appellant a letter prohibiting his return to work and reaffirming its acceptance of his resignation. Appellant took no action at that time. After appellant's sick leave expired on September 4, 1996, appellee sent appellant a letter reiterating the acceptance of his retirement and passed a resolution reaffirming its acceptance of appellant's retirement.
On October 3, 1996, appellant filed a notice of appeal to the State Personnel Board of Review ("SPBR") alleging that appellee failed to comply with R.C. 124.34 in removing him from his position. Appellee moved to dismiss the appeal on the grounds that appellant did not timely file his notice of appeal, and that because appellant voluntarily resigned, appellee did not have a duty to file an order pursuant to R.C. 124.34.
On January 31, 1997, Administrative Law Judge (ALJ) Jeannette Gunn recommended that appellant's appeal be dismissed for the reasons stated in appellee's motion to dismiss. On March 11, 1997, the SPBR adopted the ALJ's findings and, on March 21, 1997, appellant appealed the SPBR's decision to the Ashtabula County Court of Common Pleas.
The Ashtabula County Court of Common Pleas held that it had no jurisdiction over appellant's appeal because the appeal was from a non-disciplinary removal which must be filed in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. Even though the Ashtabula County Court of Common Pleas decided that it had no jurisdiction over appellant's appeal, it did not dismiss it. Instead, the court decided the merits of appellant's appeal stating "[we have] ruled on the merits of the appeal in the event that a higher court would find that [we] did have jurisdiction to entertain the instant appeal."
Appellant appeals from this judgment and assigns the following errors:
 "[1.] THE TRIAL COURT ERRED IN HOLDING THAT IT HAD NO JURISDICTION TO HEAR THIS NON-DISCIPLINARY REMOVAL APPEAL.
 "[2.] THE TRIAL COURT APPLIED THE WRONG STANDARD OF REVIEW IN HOLDING THAT THE DECISION OF THE STATE PERSONNEL BOARD OF REVIEW IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 "[3.] THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE ADMINISTRATIVE LAW JUDGE ERRED IN DISMISSING THE APPEAL BASED UPON A MOTION WHICH WAS NOT SUPPORTED BY AFFIDAVIT.
 "[4.] THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT HAD RETIRED ON JUNE 19, 1995 AND THAT THIS DECISION WAS DULY ACCEPTED BY THE COUNTY COMMISSIONERS.
 "[5.] THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FAILED TO TIMELY APPEAL HIS "REMOVAL" BY THE COUNTY COMMISSIONERS ON JULY 13, 1997."
In his first assignment of error, appellant alleges that the trial court erred by holding that it had no jurisdiction to hear appellant's appeal. Appellant contends that the Ashtabula County Court of Common Pleas had jurisdiction over appellant's appeal pursuant to the fourth paragraph of R.C. 124.34, which provides:
 "[i]n cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides."
Appellant asserts that the phrase "for disciplinary reasons" modifies "reduction in pay" and not "removal"; therefore, appellant reasons that because he was removed from his position, even though the removal was for non-disciplinary reasons, he can appeal in the Ashtabula County Court of Common Pleas, the court of common pleas in the county in which he resides. Appellant's statutory construction is wholly incorrect because he has read the fourth paragraph of R.C. 124.34 out of context. A reading of R.C. 124.34 reveals that the statute discusses the various reasons that disciplinary action, including reduction in pay or position, suspension, or removal, may be taken against civil service employees. The statute provides the procedure to be followed for taking disciplinary action against employees and how they can appeal such disciplinary action.
 "124.34 Tenure of office, reduction, suspension, and removal; appeal
 "The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. A finding by the appropriate ethics commission, based upon a preponderance of the evidence, that the facts alleged in a complaint under section 102.06 of the Revised Code constitute a violation of Chapter 102 of the Revised Code may constitute grounds for dismissal. Failure to file a statement or falsely filing a statement required by section 102.02 of the Revised Code may also constitute grounds for dismissal.
 "In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.
 "Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.
 "In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code. [Emphasis added]."
The fourth paragraph of R.C. 124.34, read in context, demonstrates that the General Assembly intended to give the right to appeal in the employee's county of residence only to employees who were removed for disciplinary reasons. R.C.124.34 is a specific exception to the ordinary rule that civil service employees must appeal from decisions of the SPBR in the Franklin County Court of Common Pleas. In Davis v. StatePersonnel Bd. of Rev. (1980), 64 Ohio St.2d 102, 105-106,413 N.E.2d 816, 818-819 the Supreme Court of Ohio stated:
 "[A] close reading of R.C. 124.34 demonstrates that the General Assembly incorporated by reference the entirety of the appellate procedure contained in R.C. 119.12, with one significant exception — a change was made regarding the county in which appeals from removal or reduction in pay for disciplinary reasons actions under R.C. 124.34
could be filed. Thus, an exception to the general rule was intended by the General Assembly."
All appeals from non-disciplinary removals must be filed in the Franklin County Court of Common Pleas, pursuant to R.C.119.12, which provides that "any party adversely affected by any order of an agency issue pursuant to any other adjudication may appeal to the court of common pleas of Franklin County." InStratis v. Montgomery County Auditor (January 24, 1997), Montgomery App. No. 16057, unreported, Anastasia Stratis was removed from her position as an accountant for the Montgomery County Auditor's office the day after a newly elected auditor took office. The Second Appellate District held that:
The Second Appellate District held that:
 "No disciplinary reasons were given in conjunction with her removal, and neither party argues that she was removed for disciplinary reasons. As such, Stratis's appeal does not fall within the R.C. 124.34 "exception" for cases involving removal for disciplinary reasons. Rather, Stratis's appeal from her removal is governed by R.C. 119.12, and the proper forum for her appeal is the Franklin County Court of Common Pleas."
In Turner-Brannock v. Ohio Bureau of Employment Services
(1984), 15 Ohio App.3d 134, 137, 472 N.E.2d 1131, the Twelfth Appellate District reached the same conclusion: "[a]s this was a removal for non-disciplinary reasons, the appeal does not fall within the provisions of R.C. 124.34. Thus, the proper forum for perfecting appellant's appeal would be in Franklin County pursuant to R.C. 119.12."
The Ashtabula Court of Common Pleas correctly determined that appellant should have filed his appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. Appellant's first assignment of error has no merit.
Given that the trial court had no jurisdiction over appellant's appeal, appellant's remaining assignments of error, regarding the merits of his appeal, are rendered moot.
For the foregoing reasons, we affirm the decision of the Ashtabula County Court of Common Pleas, concluding that it does not have jurisdiction over this case. Because the Ashtabula County Court of Common Pleas lacked subject matter jurisdiction over Koren's appeal, the decision to affirm the State Personnel Board of Review's decision is null and void.
We remand this case to the Ashtabula County Court of Common Pleas for transfer to the Franklin County Court of Common Pleas.
 -------------------------- JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.