[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 453.]

THE STATE EX REL. ROSE *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

[Cite as *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.*, 2001-Ohio-95.]

*Public employment—Removal of employee during probationary period— Mandamus sought to compel Ohio Department of Rehabilitation and Correction to comply with the State Personnel Board of Review's order reinstating relator to her position at the London Correctional Institution with back pay and benefits—Writ denied, when.*

(No. 00-1559—Submitted February 27, 2001—Decided May 23, 2001.)

IN MANDAMUS.

*Per Curiam.*

{¶ 1} On April 12, 1999, respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), hired relator, Bonnie R. Rose, as a Food Service Manager 1 at the London Correctional Institution. This is a classified civil service position, but it is not covered by any collective bargaining agreement. On October 7, 1999, one day before the conclusion of her one-hundred-eighty-day probationary period, ODRC, through its appointing authority, London Correctional Institution Warden Lawrence Mack, removed Rose pursuant to R.C. 124.27. Warden Mack determined that Rose's service was not satisfactory. ODRC provided Rose with neither a removal order under R.C. 124.34 nor a predisciplinary conference.

{¶ 2} On October 12, 1999, Rose appealed her removal to the State Personnel Board of Review ("SPBR"). ODRC moved to dismiss Rose's appeal, contending that SPBR lacked jurisdiction to consider a classified civil service employee's removal during the employee's probationary period. On February 4, 2000, SPBR determined that it had jurisdiction to consider appeals by classified employees from removals or reductions during the probationary period and denied

the ODRC dismissal motion. *Rose v. Ohio Dept. of Rehab. & Corr.* (Feb. 4, 2000), SPBR No. 99-REM-10-0325, unreported. SPBR further concluded that because ODRC failed to follow the requirements of R.C. 124.34 in removing Rose from employment, ODRC must reinstate her to the position of Correction Food Service Manager 1, effective October 7, 1999, with back pay and benefits from that date, subject to setoffs in mitigation of damages. ODRC did not appeal the SPBR order to the common pleas court.

**{¶ 3}** In March 2000, the Attorney General issued an opinion concluding, contrary to the SPBR decision in *Rose*, that the SPBR does not have jurisdiction to hear an appeal from the removal of a probationary employee for unsatisfactory service and that R.C. 124.27 imposes no requirement to file an order of removal under R.C. 124.34 for these employees. Ohio Atty.Gen.Ops. No. 2000-017.

**{¶ 4}** In June 2000, the SPBR, in *Johnson v. Dept. of Rehab. & Corr.* (June 23, 2000), SPBR No. 00-REM-05-0161, unreported, found the opinion of the Attorney General to be persuasive, abandoned its previous ruling in *Rose*, and held that the board lacked jurisdiction to consider appeals from the reduction or removal of an employee during probationary employment in the state civil service. Despite the February 4, 2000 SPBR decision, ODRC has refused to reinstate Rose and provide her back pay and benefits.

**{¶ 5}** In August 2000, Rose filed this action for a writ of mandamus to compel ODRC to comply with the SPBR order by reinstating Rose to her position as Food Service Manager 1 and providing her with back pay and benefits. After ODRC filed an answer in which it raised as affirmative defenses that SPBR abused its discretion in disaffirming Rose's removal and that it lacked jurisdiction to issue the February 4, 2000 order that Rose seeks to enforce, we granted an alternative writ and ordered the submission of evidence and briefs. *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.* (2000), 90 Ohio St.3d 1441, 736 N.E.2d 903. This cause is now before the court for a consideration of the merits.

Res Judicata

{¶ 6} ODRC asserts that Rose is not entitled to the requested extraordinary relief in mandamus because SPBR had no jurisdiction over Rose's appeal and abused its discretion in deciding the merits of the appeal. Rose counters that because ODRC failed to appeal the SPBR decision ordering her reinstatement and awarding her back pay and benefits, *res judicata* precludes ODRC from collaterally attacking the decision in this mandamus proceeding.

{¶ 7} *Res judicata* provides that a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue for parties and their privies in the same or any other judicial tribunal. *In re Guardianship of Lombardo* (1999), 86 Ohio St.3d 600, 604, 716 N.E.2d 189, 193. *Res judicata* applies in civil service cases. *State ex rel. Stough v. Norton City School Dist. Bd. of Edn.* (1977), 50 Ohio St.2d 47, 50, 4 O.O.3d 116, 118, 362 N.E.2d 266, 269, overruled on other grounds, *Ohio Assn. of Pub. School Emp., Chapter No. 471 v. Twinsburg* (1988), 36 Ohio St.3d 180, 522 N.E.2d 532; *State ex rel. Bingham v. Riley* (1966), 6 Ohio St.2d 263, 35 O.O.2d 424, 217 N.E.2d 874.

{¶ 8} *Res judicata*, however, presupposes a judgment entered by a court of competent jurisdiction or, in terms of its application to civil service orders, within the jurisdiction of the SPBR or the Civil Service Commission. *Stough*, 50 Ohio St.2d at 48, 4 O.O.3d at 117, 362 N.E.2d at 268. In *Stough*, *res judicata* did not preclude a claim that a civil service commission lacked jurisdiction over the subject matter of the case.

{¶ 9} Therefore, ODRC may challenge in this mandamus action the subject-matter jurisdiction of SPBR to address the merits of Rose's appeal from her probationary removal.

{¶ 10} Moreover, *res judicata* does not bar ODRC from claiming that SPBR abused its discretion in deciding the merits of the order disaffirming Rose's

removal, because ODRC could not have appealed the SPBR order. *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 244, 8 O.O.3d 217, 222, 375 N.E.2d 1233, 1239 (appointing authority permitted to raise defense that board abused its discretion in disaffirming a layoff when the appointing authority had no right of appeal from the order of the SPBR); *State ex rel. Pennington v. Ross* (1980), 63 Ohio St.2d 58, 60, 17 O.O.3d 36, 37, 407 N.E.2d 7, 8; *State ex rel. Carver v. Hull* (1994), 70 Ohio St.3d 570, 574, 639 N.E.2d 1175, 1180, fn. 2.

{¶ 11} Rose, however, contends that ODRC could have appealed the SPBR order under R.C. 124.34(B), which provides: "In cases of removal or reduction in pay for *disciplinary reasons*, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code." (Emphasis added.) The phrase "disciplinary reasons" is not defined by statute and consequently must be read in context and construed according to the rules of grammar and common usage. *State ex rel. Rose v. Lorain Cty. Bd. of Elections* (2000), 90 Ohio St.3d 229, 231, 736 N.E.2d 886, 888; R.C. 1.42. "Disciplinary" relates to discipline, and "discipline" means "[p]unishment intended to correct or instruct; esp., a sanction or penalty imposed after an official finding of misconduct." Black's Law Dictionary (7 Ed. Garner Ed.1999) 476; see, also, Webster's Third New Internatl. Dictionary (1971) 644. As used in R.C. 124.34, the phrase " 'removal * * * for disciplinary reasons' imports a concept of punitive treatment of a reformational nature designed to correct or punish for failure to accept, obey or comply with an established system or set of rules and regulations." *Turner-Brannock v. Ohio Bur. of Emp. Serv.* (1984), 15 Ohio App.3d 134, 137, 15 OBR 226, 229, 472 N.E.2d 1131, 1134; *McVay v. Warren Cty. Bd. of Commrs.* (May 26, 1987), Warren App. No. CA86-11-072, unreported, 1987 WL 11594.

**{¶ 12}** Applying the foregoing definition of "disciplinary" here, it is evident that Rose's removal was not for "disciplinary reasons," *i.e.*, it was not based on misconduct by Rose. See *McVay*, *supra* (dismissal of probationary employee for poor work performance not a removal for disciplinary reasons under R.C. 124.34). Instead, R.C. 124.27 required only that Rose's performance as a probationary employee be unsatisfactory in order to justify her removal during her probationary period. Since the removal was not for disciplinary reasons, ODRC could not appeal the SPBR order disaffirming the removal of Rose. See *Myers v. Clinebell* (May 14, 1999), Sandusky App. No. S-98-048, unreported, 1999 WL 300620.

**{¶ 13}** Therefore, because ODRC raises a jurisdictional claim and, independently, because it could not appeal the SPBR order under R.C. 124.34, *res judicata* does not preclude it from collaterally attacking the SPBR order in this mandamus proceeding. Contrary to Rose's contentions on appeal, this will not foreclose an appellate remedy to employees in cases in which the SPBR or civil service commission finds that it lacks jurisdiction over the removal of employees because the removal is for nondisciplinary reasons. These employees could still appeal under R.C. 119.12 to the Franklin County Court of Common Pleas. See *Turner-Brannock*, 15 Ohio App.3d at 137, 15 OBR at 229, 472 N.E.2d at 1134; *McVay, supra*; *Koren v. Ashtabula Cty. Commrs.* (Mar. 31, 1999), Ashtabula App. No. 98-A-0042, unreported, 1999 WL 262156. ODRC, however, does not have this appellate alternative. R.C. 119.12; R.C. 119.01(F) and (G), defining "person" and "party"; *State ex rel. Osborn v. Jackson* (1976), 46 Ohio St.2d 41, 49-50, 75 O.O.2d 132, 136-137, 346 N.E.2d 141, 146-147, overruled on other grounds *Dept. of Adm. Serv., OCB v. State Emp. Relations Bd.* (1990), 75 O.O.2d 132, 346 N.E.2d 141; *Collyer v. Broadview Dev. Ctr.* (1991), 74 Ohio App.3d 99, 102, 598 N.E.2d 75, 77.

SPBR Jurisdiction over R.C. 124.27 Removals of Probationary Employees

**{¶ 14}** Ohio has provided for probationary periods for civil service employees since 1913. G.C. 486-13, 103 Ohio Laws 704-705; see *Walton v. Montgomery Cty. Welfare Dept.* (1982), 69 Ohio St.2d 58, 59, 23 O.O.3d 93, 94, 430 N.E.2d 930, 932. "Since the probationary period is for the benefit of the appointing authority to aid in the determination of merit and fitness for civil service employment * * * the General Assembly historically has provided for a degree of leeway in the dismissal of probationary employees." *Id.*

**{¶ 15}** R.C. 124.27 governs probationary appointments and before the March 30, 1999 effective date of 1988 Am.Sub.S.B. No. 144 (which enacted the version applicable to Rose), it provided:

"All original and promotional appointments, including provisional appointments made pursuant to section 124.30 of the Revised Code, shall be for a probationary period, not less than sixty days nor more than one year, * * * and no appointment or promotion is final until the appointee has satisfactorily served the probationary period. * * * If the service of the probationary employee is unsatisfactory, the employee may be removed or reduced at any time during the probationary period *after completion of sixty days or one half of the probationary period, whichever is greater. * * * Dismissal or reduction may be made under provisions of section 124.34 of the Revised Code during the first sixty days or first half of the probationary period, whichever is greater.*" (Emphasis added.) 1995 Am.Sub.S.B. No. 99, 146 Ohio Laws, Part V, 8561-8562.

**{¶ 16}** Under the foregoing version of R.C. 124.27, the removal of a probationary employee who had completed sixty days or one-half of her probationary period, whichever was greater, could not be appealed to SPBR. *Walton*, 69 Ohio St.2d 58, 23 O.O.3d 93, 430 N.E.2d 930, at syllabus. Therefore, SPBR lacked jurisdiction to review these second-half probationary removals. See, *e.g., Clark v. Ohio Dept. of Transp.* (1993), 89 Ohio App.3d 96, 98-99, 623 N.E.2d 631, 633.

**{¶ 17}** As amended by Am.Sub.S.B. No. 144, 147 Ohio Laws, Part IV, 8156, effective March 30, 1999, the General Assembly deleted the language of R.C. 124.27 italicized in the above excerpt so that R.C. 124.27 now simply provides that "[i]f the service of the probationary employee is unsatisfactory, the employee may be removed or reduced at any time during the probation period" without any reference to the provisions of R.C. 124.34. The removal of this language expanded the appointing authority's power to remove a probationary employee for merely unsatisfactory service *to any time* during the probationary period and evidenced legislative intent to divest the SPBR of jurisdiction over *all* probationary removals, regardless of when they occurred. As the Attorney General stated, "because R.C. 124.27 now authorizes an appointing authority to remove a probationary employee for unsatisfactory service at any time during the probationary period, and because no provision of law confers upon the State Personnel Board of Review jurisdiction to hear appeals of removals occurring during any part of an employee's probationary period, * * * the State Personnel Board of Review has no such jurisdiction." 2000 Ohio Atty.Gen.Ops. No. 2000-017, at 2-110. This version of R.C. 124.27 was in effect at the time ODRC removed Rose from her position as Food Service Manager 1 at the London Correctional Institution.[1]

**{¶ 18}** Therefore, SPBR lacked jurisdiction over Rose's appeal, and its order reinstating Rose to her position and awarding her back pay and benefits is not enforceable in mandamus. No R.C. 124.34 order or predisciplinary hearing was required. As a probationary civil service employee, Rose had no property interest in continued employment sufficient to warrant procedural due process protection because her appointment was not final until she satisfactorily completed her probationary period. See *Walton*, 69 Ohio St.2d at 64, 23 O.O.3d at 97, 430 N.E.2d at 935; *Jacomin v. Cleveland* (1990), 70 Ohio App.3d 163, 168, 590 N.E.2d 846, 849; *Taylor v. Middletown* (1989), 58 Ohio App.3d 88, 91-92, 568 N.E.2d 745, 749; R.C. 124.27.

**{¶ 19}** Based on the foregoing, we deny the writ of mandamus. Rose has not established her entitlement to compel ODRC to comply with the SPBR order.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*John S. Jones*, for relator.

*Betty D. Montgomery*, Attorney General, *Jack W. Decker* and *Christina M. Wendell*, Assistant Attorneys General, for respondent.

————————————

1. The General Assembly subsequently further amended R.C. 124.27 to specify, "A probationary employee duly removed or reduced in position for unsatisfactory service does not have the right to appeal the removal or reduction under section 124.34 of the Revised Code," and amended R.C. 124.34 to the same effect. Am.Sub.H.B. No. 640, effective June 15, 2000.