JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Michael Glick appeals from the dismissal of his administrative appeal and complaint for injunctive relief, which sought to prevent the appellees, the City of Cleveland, its mayor, public safety director, and chief of police, from removing him from the eligibility list for the position of patrol officer in the Cleveland Police Department. Glick asserts that the common pleas court erred by dismissing his administrative appeal without determining if the civil service commission's decision was supported by reliable, probative, and substantial evidence. Further, he claims his administrative appeal should not have been dismissed because appellees never filed a transcript or other evidence under R.C. 2506.02. We reject both of these contentions and affirm the common pleas court's decision.
 PROCEEDINGS BELOW {¶ 2} The complaint in this case alleged that plaintiff applied to take a civil service examination in September 1998. On his application, he indicated that he had been a resident of the city of Cleveland since March 1997 and, to the best of his knowledge, had filed and paid all federal, state and local taxes. He claims the statement with respect to his residency was "mistaken," but that he did live in the city of Cleveland from March 1998. He also claims he misunderstood his obligation to file local tax returns.
 {¶ 3} According to the complaint, appellant sat for the patrol officer examination. He received a score on the examination which was high enough for the city to extend him an offer of conditional employment on March 23, 2001 and to schedule him to attend the police academy. However, the Cleveland Civil Service Commission subsequently voted to remove plaintiff from the eligible list on the motion of the assistant director of public safety. Documents attached to the complaint indicate that the basis for this action was appellant's false statements with respect to his residency and his payment of city income taxes.
 {¶ 4} Appellant claims a letter from the city dated May 22, 2001 was the first notice he received of the civil service commission's action. A notice of appeal was purportedly filed with the City of Cleveland Civil Service Commission via facsimile transmission on June 20, 2001.
 {¶ 5} On November 5, 2001, appellant filed his "appeal of administrative action under Ohio Revised Code Chapters 2505 and 2506 and complaint with jury demanded" in the common pleas court. First, appellant contended that he had property interests in his listing on the civil service eligibility list and in the city's offer of employment which were protected by the due process clause. Second, he claimed the city damaged his professional reputation without giving him the opportunity to clear his name, in violation of his procedural and substantive due process rights. Third, he claimed his name was removed from the eligibility list and the offer of employment to him was withdrawn because of his race. He claimed the city's administrative action should be reversed because the civil service rules were unconstitutional in that they did not provide him with notice and an opportunity to be heard with respect to his removal from the eligibility list. Finally, he argued that the decision to remove him from the eligibility list was not supported by the evidence and was incorrect as a matter of law.
 {¶ 6} The common pleas court granted appellant a temporary restraining order to prevent the city from beginning any new training for entry level police officers. However, on November 21, 2001, the court dissolved the restraining order and denied appellant's motion for preliminary injunction, finding that, as a matter of law, appellant was not entitled to a hearing before the civil service commission. Several months later, on April 1, 2002, the court dismissed this action, with prejudice, "per the court's memorandum of opinion and order of 11/21/01." Appellant has timely appealed from this order.
 LAW AND ANALYSIS {¶ 7} Both assignments of error address the court's dismissal of appellant's administrative appeal.[1] First, appellant urges that the court erred by failing to decide whether the removal of appellant's name from the eligibility list was supported by reliable, probative and substantial evidence, as required by R.C. 2506.01. This argument assumes the critical issue in this case, that appellant had the right to appeal the commission's decision to the common pleas court. The common pleas court determined that appellant did not have the right to appeal. Specifically, the court found appellant had no protected liberty or property interest in his placement on the eligibility list or in the conditional offer of employment, and therefore he had no constitutional right to due process when the city removed him from the eligibility list.
 {¶ 8} Appellant claims that his right to appeal the commission's decision was statutory, not constitutional. Although the City of Cleveland is a charter municipality with the power of self-government, appellant urges that state statutes governing administrative appeals override any local provisions governing such matters. We disagree.
 {¶ 9} Article XVIII, Section 3 of the Ohio Constitution provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." The Ohio Supreme Court has construed this provision to mean that "municipal charter and ordinance provisions enacted under the power of local self-government prevail over state statutes, and only municipal regulations enacted pursuant to a city's police powers are subject to the general laws of the state." Ohio Assn. of Pub. SchoolEmp., Chapter No. 471 v. Twinsburg (1988), 36 Ohio St.3d 180, 182 (citingState, ex rel. Canada v. Phillips (1958), 168 Ohio St. 191).
 {¶ 10} The supreme court has further held that "regulation of city civil service is within the powers of local self-government." Id. at 183. "[T]he appointment of officers within a city's police department constitutes an exercise of local self-government within the meaning of the Home Rule Amendment." State ex rel. Meyers v. Columbus (1995),71 Ohio St.3d 603, 606. Thus, charter provisions and civil service regulations promulgated pursuant to home rule authority will prevail over conflicting state civil service provisions; general civil service laws will apply where the charter is silent or has adopted the state statute.Jacomin v. Cleveland (1990), 70 Ohio App.3d 163. Therefore, we reject the appellant's assertion that the right to appeal under R.C. Chapter 2506 always applies over local regulations governing the right to appeal a civil service matter.
 {¶ 11} Even if we accepted appellant's argument, however, appellant would not have any right to appeal the civil service commission's decision.
 {¶ 12} R.C. 2506.01 provides that "[e]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas * * *." A "final order, adjudication, or decision" is defined as a determination of "rights, duties, privileges, benefits, or legal relationships of a person * * *."
 {¶ 13} In order for an appeal from an administrative decision to lie under R.C. 2506.01, there must have been a right to a quasi-judicial proceeding before the administrative body. M.J. Kelley v. Cleveland
(1972), 32 Ohio St.2d 150, paragraph one of the syllabus. Administrative proceedings are not quasi-judicial if there is no requirement for notice, hearing and an opportunity to present evidence. Id., paragraph two of the syllabus; cf. Nuspl v. Akron (1991), 61 Ohio St.3d 511, 516
(administrative proceedings were quasi-judicial because local civil service rules provided for notice and opportunity to be heard). Appellant's complaint alleges that he received no notice of the hearing before the commission, and was given no opportunity to present evidence; he denies he had any right to such notice under local civil service rules. Thus, the proceedings before the civil service commission were not quasi-judicial and were not subject to review pursuant to R.C. 2506.01.Ramacciatti v. Cleveland (July 7, 1994), Cuyahoga App. No. 66678; Gunnv. Euclid Teachers Assn. (1989), 65 Ohio App.3d 312.
 {¶ 14} More important, appellant had no constitutional right to a quasi-judicial hearing before the civil service commission because, as the common pleas court found, he had no protected property or liberty interest in his placement on the eligibility list or in the conditional offer of employment. Cf. Jacomin v. Cleveland (1990), 70 Ohio App.3d 163,168 (probationary employee has no constitutionally protected expectation of continued employment); In re Alexander (March 30, 1990), Lake App. No. 89-L-14-090 (former employees seeking reinstatement have no constitutionally protected interest in reemployment); Quick v. Wolfe (May 27, 1982), Franklin App. No. 81AP-827 (same).
 {¶ 15} The common pleas court properly dismissed appellant's appeal from the civil service commission's action because appellant had no right to appeal and therefore the court had no jurisdiction to review the commission's decision. This holding moots appellant's arguments that the court should have determined whether the commission's decision was supported by reliable, probative and substantial evidence and whether the commission was required to file a transcript of the proceedings before it.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JOSEPH J. NAHRA, J.* concur.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.
[1] Accordingly, appellant has waived any error with respect to the dismissal of his claims for violation of his due process rights under42 U.S.C. § 1983 and for racial discrimination under R.C. 4112.99.