*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0156p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ROLLAND A. JONES, JR.,

        *Plaintiff-Appellant,*

    *v.*

No. 05-3783

CITY OF CORTLAND POLICE DEPARTMENT,

        *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-01302—Solomon Oliver, Jr., District Judge.

Argued: April 20, 2006

Decided and Filed: May 10, 2006

Before: GIBBONS and COOK, Circuit Judges; SCHWARZER, Senior District Judge.[*]

---

**COUNSEL**

**ARGUED:** Martin S. Hume, Youngstown, Ohio, for Appellant. John T. McLandrich, MAZANEC, RASKIN & RYDER CO., L.P.A., Cleveland, Ohio, for Appellee. **ON BRIEF:** Martin S. Hume, Youngstown, Ohio, for Appellant. John T. McLandrich, Frank H. Scialdone, MAZANEC, RASKIN & RYDER CO., L.P.A., Cleveland, Ohio, for Appellee.

---

**OPINION**

---

    WILLIAM W SCHWARZER, Senior District Judge. Plaintiff-Appellant Rolland A. Jones, Jr., brought this action under the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1983, Ohio Revised Code § 4112.14 and the common law of Ohio. At the age of fifty-four, Jones had applied for a position as a full-time Cortland, Ohio police officer. He passed his civil service exam and received a conditional offer in writing, which Cortland later revoked because Jones was over thirty-five years old. Jones sued Cortland, alleging age discrimination and breach of contract. The district court granted summary judgment for the City on the age discrimination claims and, in a subsequent order, dismissed the contract claims. Jones appeals and we affirm.

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1

**APPELLATE JURISDICTION**

The district court entered two orders. On December 29, 2004, the court granted summary judgment on Jones's age discrimination claims but noted that the contract claims were not addressed and therefore remained pending. On April 27, 2005, the district court issued a second order dismissing the contract claims. Cortland argues that because Jones did not designate the December 29 order in his notice of appeal, he failed to comply with Federal Rule of Appellate Procedure 3(c)(1)(B), leaving the court without jurisdiction to review that order.

Jones's notice of appeal specified that his appeal was taken "from the judgment entered . . . on April 27 granting judgment in favor of Defendant." Thus, contrary to Cortland's argument, the notice of appeal was not limited to the April 27 *order*. It was instead taken from the *judgment* of that date. The district court, however, did not enter a judgment.

The December 29 order specifically did not dispose of all the claims, did not terminate the action, and was not appealable in the absence of a Rule 54(b) certification. Fed. R. Civ. P. 54(b). When the April 27 order was entered, it therefore terminated the action and the clerk was required to enter judgment. Federal Rule of Civil Procedure 58(a)(2)(A) provides that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: . . . (iii) the court denies all relief." While no judgment had in fact been entered, Jones could reasonably assume, when drafting his notice of appeal, that the clerk would comply with Rule 58 and enter a judgment as of April 27 terminating the action. Because the clerk was required to enter a judgment, we must treat the notice of appeal from that judgment as sufficient to vest appellate jurisdiction over both orders.

**MERITS**

"At the prima facie stage, a court should focus on a plaintiff's *objective* qualifications to determine whether he or she is qualified for the relevant job." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 2003). Ohio Revised Code § 124.41 governs the age and physical examination requirements for police officers. Among other things, it provides that "no person is eligible to receive an original appointment when the person is thirty-five years of age or older." Cortland first offered Jones an appointment in 1985. Jones was then thirty-five and hence not eligible for appointment. At the time of the offer which is the subject of this action, he was fifty-four and again not eligible for appointment. In neither case was Jones eligible for an original appointment under § 124.41 since he was "thirty-five years or older" on both occasions. Having failed to demonstrate his objective qualification for appointment, Jones has failed to establish a prima facie case.

Since Jones cannot demonstrate that he was eligible to receive an original appointment under § 124.41, Cortland is protected from a claim under federal law by the ADEA's exemption for refusal to hire pursuant to a "bona fide hiring plan" as reflected in § 124.41. 29 U.S.C. § 623(j)(2). Jones argues that Cortland employed a de facto policy by which it granted original appointments to officer applicants older than thirty-five. This claim, however, lacks factual support in the record. Therefore, Jones fails to demonstrate a prima facie case of age discrimination under either state or federal law.

Jones's remaining claims lack merit. First, no valid contract for employment existed between Jones and Cortland. Jones's employment offer was contingent upon a successful background investigation, which he failed due to his age. Moreover, even if a contract existed, it would have been illegal under § 124.41. Second, Jones provides no precedential support for his claim that, despite the illegality of his employment agreement under § 124.41, Cortland was estopped from revoking his offer based upon his age. Rather, his brief specifically notes that

promissory estoppel does not apply to illegal agreements.  *See City of Mt. Vernon v. State ex rel. Berry*, 73 N.E. 515, 516 (Ohio 1905).  Third, Jones's conditional employment offer created no property or liberty interest for the purpose of his due process argument.  *Cf. Jacomin v. Cleveland*, 590 N.E.2d 846, 849 (Ohio Ct. App. 1990).  Finally, since Jones's claims of breaches and violation are without merit, he lacks support for his public policy claims.

For the reasons stated, we AFFIRM.