JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio (the "State"), appeals the trial court's decision granting defendant-appellee's, George Thomas ("Thomas"), motion to dismiss the indictment. We find merit to the appeal and reverse.
 {¶ 2} In March 2004, Thomas was indicted on one count of sexual battery, in violation of R.C. 2907.03. The indictment arose out of Thomas' alleged sexual conduct with a seventeen-year-old female student while he was employed as a security guard at the student's high school. Thomas was charged under subsection (A)(7) of the statute, which pertains to offenders who are teachers, administrators, coaches, or "other persons in authority" employed by a school.
 {¶ 3} In May 2004, Thomas moved to dismiss the indictment on the grounds that as a security guard, he did not meet the definition of "other person in authority" under the statute. Two months later, Thomas filed a second motion to dismiss, arguing that the statute was unconstitutionally overbroad and vague. Following a hearing, the trial court granted the motion to dismiss, stating:
"Defendant's motion to dismiss is granted. The State of Ohio has failedto produce any evidence that the defendant was a person in authority andas such, the statute must be strictly construed against the state. Thestatute at issue with respect to a person in authority is overbroad andunconstitutionally vague."
 {¶ 4} From this order, the State appeals, raising two assignments of error, which we will address out of order.
 {¶ 5} In its second assignment of error, the State argues that the trial court erroneously determined that R.C. 2907.03(A)(7) was unconstitutionally overbroad and vague. We agree.
 {¶ 6} R.C. 2907.03(A)(7) provides in relevant part:
"No person shall engage in sexual conduct with another, not the spouseof the offender, when * * * [t]he offender is a teacher, administrator,coach, or other person in authority employed by or serving in a schoolfor which the state board of education prescribes minimum standardspursuant to division (D) of section 3301.07 of the Revised Code, the otherperson is enrolled in or attends that school, and the offender is notenrolled in and does not attend that school."
 {¶ 7} It is well-settled that "an enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus; see, also Woods v. Telb, 89 Ohio St.3d 504, 510-511,2000-Ohio-171. Thus, "any doubt as to the constitutionality of a statute will be resolved in favor of its validity." Defenbacher, supra, at 149, citing State ex rel. Doerfler v. Price (1920), 101 Ohio St. 50. Further, the party challenging the statute bears the burden of demonstrating the unconstitutionality of the statute beyond a reasonable doubt. Id.; Statev. Thompkins, 75 Ohio St.3d 558, 560, 1996-Ohio-264; Hilton v. Toledo
(1980), 62 Ohio St.2d 394, 396.
 {¶ 8} Initially, we find that the trial court's reliance on the overbreadth doctrine was misplaced. The application of the overbreadth doctrine is limited to the First Amendment context. Cleveland v.Trzebuckowski, 85 Ohio St.3d 524, 528, 1999-Ohio-285; State v. Collier
(1991), 62 Ohio St.3d 267, 272; see, also, Schall v. Martin (1984),467 U.S. 253, 268, citing New York v. Ferber (1982), 458 U.S. 747
("outside the limited First Amendment context, a criminal statute may not be attacked as overbroad"). Thus, absent a showing that the statute relates to First Amendment issues, the overbreadth doctrine is inapplicable. Trzebuckowski, supra; State v. Werfel, Lake App. Nos. 2002-L-101 and 2002-L-102, 2003-Ohio-6958; State v. Gorenflo (May 23, 2001), Marion App. No. 9-2000-101.
 {¶ 9} Thomas has identified no First Amendment issues at stake in the instant case. R.C. 2907.03(A)(7) is not aimed at expression of ideas or beliefs, but rather at prohibiting a teacher, administrator, coach, or "other person in authority" from engaging in sexual conduct with a student of the same school where the offender is either serving or employed. Accordingly, we find no basis for the trial court's finding that the statute was unconstitutionally overbroad.
 {¶ 10} As to the trial court's determination that the statute is unconstitutionally vague, we disagree. Although the Due Process Clause of the Fifth Amendment entitles a defendant to fair notice of illegal conduct, the burden rests with the defendant to demonstrate beyond a reasonable demonstrate beyond a reasonable doubt that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged. State v. Anderson (1991), 57 Ohio St.3d 168, 171. "[A] law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement." State v. Williams,88 Ohio St.3d 513, 533, 2000-Ohio-428, citing Chicago v. Morales (1999),527 U.S. 41, 56-57. See, also, State v. Dario (1995),106 Ohio App.3d 232.
 {¶ 11} Thomas argued in his motion to dismiss that the language, "other person in authority," as contained in R.C. 2907.03(A)(7), fails to provide sufficient notice as to what conduct is prohibited, and encourages arbitrary and discriminatory enforcement, thereby rendering the statute unconstitutionally vague. He claimed that the statute fails to provide sufficient notice that a school security guard falls within the definition of a "person in authority" as stated in R.C. 2907.03(A)(7). However, in analyzing a statute under a void-for-vagueness challenge, a court shall adhere to the general rules of statutory construction, construing words according to the rules of grammar and common usage.State v. Chipps (May 17, 1983), Union App. Nos. 14-82-1 and 14-82-2, citing State v. Dorso (1983), 4 Ohio St.3d 60. See, also R.C. 1.42. In so doing, we find that the plain meaning of the words "other person in authority," as used in the statute, can be clearly understood by the average person to include a clearly understood by the average person to include a school security guard. Moreover, applying common sense to the plain meaning of the words "other person in authority" provides a defendant with sufficient notice that the act of engaging in sexual conduct with a student while employed as a security guard at the same school constitutes an offense of sexual battery. Cf. Gorenflo, supra (rejecting defendant's claim that R.C. 2907.03(A)(9) was unconstitutionally vague because "ordinary common sense informs a person when he is in position of authority and has disciplinary control, whether temporary or occasional, over a minor.")
 {¶ 12} We also find no support for Thomas' broad argument that the statute encourages arbitrary and discriminatory enforcement. Having already found that the statute defines the offense with sufficient clarity so that persons of common intelligence are able to understand what conduct is prohibited, we find that the statute is capable of being applied consistently and fairly. Moreover, in failing to provide any authority or reasoning for his argument, Thomas has failed to overcome the statute's presumption in favor of constitutionality.
 {¶ 13} Likewise, we find no merit to Thomas' contention that the inclusion of a school security guard under R.C. 2907.03(A)(7) would impermissibly expand the statute to include a student hall monitor or or student crossing guard, resulting in "absurd consequences."[1] This argument is undermined by the express language of the statute which limits its application only to an offender who is "not enrolled in and does not attend that school." R.C. 2907.03(A)(7). Thus, a fellow student is expressly excluded from the statute.
 {¶ 14} Finally, Thomas argues that by virtue of the specific examples contained in R.C. 2907.03(A)(7), i.e., teacher, administrator, and coach, the statutory canon of ejusdem generis requires that the term "other person in authority" should be determined with reference to the examples included. See Henley v. Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 156, 2000-Ohio-493; State v. Hooper (1979),57 Ohio St.2d 87. In applying this doctrine, he argues that a security guard does not share the same characteristics of a teacher, administrator, or coach and, therefore, falls outside the scope of the statute. He claims that a security guard neither interacts with students nor possesses authority to adversely impact a student's academic or extracurricular endeavors. We disagree.
 {¶ 15} Contrary to Thomas' assertion, we find that a school security guard does necessarily interact with students. Indeed, a critical aspect of the position is to enforce school rules and regulations as a means to ensure the students' safety. Further, a security guard, like a teacher, administrator, or coach, could use his or her authority to coerce a student his or her authority to coerce a student to engage in sexual conduct. For example, a security guard might provide special treatment to a student by ignoring student infractions, i.e., leaving school early or roaming the school halls without permission, and failing to report such conduct to the administration.
 {¶ 16} As for the State's first assignment of error, we find that the issue of whether the State produced sufficient evidence to satisfy an offense under R.C. 2907.03(A)(7) is a matter to be determined at trial. See State v. Jeffries (Mar. 22, 2001), Cuyahoga App. No. 76880, citingState v. McNamee (1984), 17 Ohio App.3d 175, 176 ("claims concerning the factual basis or sufficiency of the evidence to support the charges may not be raised before the trial as grounds to dismiss the charges").
 {¶ 17} Accordingly, having found that R.C. 2907.03(A)(7) is not unconstitutionally vague, we sustain the first and second assignments of error.
Judgment reversed and case remanded for further proceedings.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Corrigan, J. Concur.
[1] Thomas' counsel conceded the error of this contention during oral argument.