[Cite as *State v. Rober*, 2015-Ohio-5501.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-14-1168

    Appellee                                           Trial Court No. CR0201301833

v.

Melinda Rober                                        **DECISION AND JUDGMENT**

    Appellant                                          Decided:  December 30, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Stephen D. Hartman, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant Melinda Rober pled no contest to two counts of sexual battery in violation of R.C. 2907.03(A)(7), both felonies in the third degree.  The trial court found appellant guilty and sentenced her to 12 months in prison as to each count, to be served concurrently.

**{¶ 2}** In this appeal, appellant alleges that the statute is unconstitutionally vague as applied to her and that the trial court erred in finding that she "caused or threatened to cause physical harm to a person."

**{¶ 3}** For the reasons that follow, we find that appellant's assignments of error are not well-taken, and we affirm the judgment of the trial court.

## II. Statement of Facts and Procedural History

**{¶ 4}** During all relevant times herein, appellant worked for Bay Park Community Hospital in Oregon, Ohio. The hospital was under contract with Clay High School, also in Oregon, to provide athletic training services. Pursuant to that contract, the hospital assigned appellant to work at the school as an athletic trainer, assisting various athletic teams throughout the school year. The record indicates that appellant worked in the school for approximately 12 years.

**{¶ 5}** The state alleged that appellant had improper sexual encounters with a 17-year-old student between December of 2011 and May 31, 2012. Specifically, it alleged that appellant engaged in fellatio (Count I) and sexual intercourse (Count II) with the student. (L.C.C.P. case No. CR0201301833).

**{¶ 6}** On May 29, 2013, a Lucas County Grand Jury indicted appellant on two counts of sexual battery, in violation of R.C. 2907.03(A)(7). Appellant filed an amended motion to dismiss the charges, arguing that the statutory term "person in authority," was unconstitutionally vague and that she was not, in fact, a person in authority. The trial court denied the motion.

2.

**{¶ 7}** On February 21, 2014, appellant was indicted on a separate, single charge of sexual battery (L.C.C.P. case No. CR0201401297), involving a second victim, and the two cases were consolidated.

**{¶ 8}** Thereafter, the parties reached a plea agreement, whereby appellant pled no contest to both charges in the 2013 case, in exchange for the state entering a "nolle prosequi" in the 2014 case.

**{¶ 9}** By judgment entry dated July 15, 2014, the trial court found appellant guilty and sentenced her to 12 months in prison as to both counts, to be served concurrently. The court also sentenced appellant to five years of mandatory postrelease control as to both counts.

**{¶ 10}** Appellant appealed the judgment and moved this court for a stay of execution of sentence. We granted the stay during the pendency of the appeal on the condition that appellant post bond.

### III.  Appellant's Assignments of Error

**{¶ 11}** Appellant presents two assignments of error for our review:

1.  The trial court committed reversible error when it denied Appellant's Amended Motion to Dismiss, because the statute under which Appellant was charged is unconstitutionally vague in violation of Appellant's right to due process under the fifth and fourteenth amendments to the U.S. Constitution and article one of the Ohio Constitution.

3.

2. The trial court erred by including in its sentencing entry that Appellant "caused or threatened physical harm to a person," because the Court never made such a finding during sentencing and there is no evidence in the record to support such a finding.

### IV. Sexual Battery Under R.C. 2907.03(A)(7)

{¶ 12} Appellant was convicted of violating R.C. 2907.03(A)(7), which provides, in part:

(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: * * * (7) The offender is a teacher, administrator, coach, *or other person in authority* employed by or *serving in a school* for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school.1 (Emphasis added).

{¶ 13} R.C. 2903.07(A)(7) does not specify any degree of culpability. Proof of a culpable mental state to establish criminal liability is not required when the section defining an offense does not specify any degree of culpability and plainly indicates a purpose to impose strict criminal liability. R.C. 2901.21(B).

---

[1] The parties agree that Clay High School is subject to the minimum standards set forth in R.C. 3301.07. There is also no dispute that the victim in this case was enrolled in, and attended, Clay High School.

4.

**{¶ 14}** Culpability constitutes "mens rea," or criminal intent. Strict liability offenses omit a mens rea requirement because their overriding purpose is the protection of the public welfare, imposing punishment for conduct prohibited by the statute, irrespective of the actor's intent. Where no degree of culpability is specified by a statute, however, strict liability cannot merely be assumed. The court must find that the statute plainly indicates the legislature's purpose to impose strict liability. R.C. 2901.21(B); *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268, ¶ 6.

**{¶ 15}** This court has previously found that R.C. 2907.02(A)(7) is, in fact, a strict liability offense. *State v. Alridge*, 6th Dist. Sandusky No. S-15-001, 2015-Ohio-4064, ¶ 6; *see also State v. Clay*, 2d Dist. Miami No. 08CA33, 2009-Ohio-5608, ¶ 11-12.

## V. Appellant's Constitutional Challenge

**{¶ 16}** The determination of a statute's constitutionality is a question of law to be reviewed de novo. *State v. Whites Landing Fisheries*, 6th Dist. Erie No. E-13-021, 2014-Ohio-1314, ¶ 13.

**{¶ 17}** All enacted legislation enjoys a strong presumption of constitutionality. *State v. Dorso*, 4 Ohio St.3d 60, 61, 446 N.E.2d 449 (1993). This presumption remains unless the challenger proves beyond a reasonable doubt that the legislation is clearly unconstitutional. *State v. Williams*, 88 Ohio St.3d 513, 521, 728 N.E.2d 342 (2000). Thus, we begin with the presumption that R.C. Chapter 2307.03(A)(7) is constitutional.

**{¶ 18}** Appellant argues that R.C. 2307.03(A)(7) is unconstitutionally vague in violation of her due process rights under the federal and Ohio constitutions. The void-

5.

for-vagueness doctrine ensures that individuals can ascertain what the law requires of them. *State v. Anderson*, 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991). "Under the tenets of due process, an ordinance is unconstitutionally vague under a void-for-vagueness analysis when it does not clearly define what acts are prohibited under it." *State v. Varsel*, 6th Dist. Fulton No. F-13-006, 2014-Ohio-1899, ¶ 12, quoting *Viviano v. Sandusky,* 6th Dist. Erie No. E-12-058, 2013-Ohio-2813, ¶ 13.

{¶ 19} In order to survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement. *Chicago v. Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); *see also State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals*, 63 Ohio St.3d 354, 358, 588 N.E.2d 116 (1992). A statute will not be declared void, however, merely because it could have been worded more precisely. *Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Mathematical precision is not required. *Boyce Motor Lines v. United States*, 342 U.S. 337, 340, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

{¶ 20} A legislative enactment may be unconstitutional on its face or as applied in a specific case. Facial-vagueness challenges are generally allowed only where the statute is vague in all of its applications. *Anderson* at 173, fn. 2, citing *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). This means that the statute does not supply a definitive standard by

6.

which to determine what conduct is included and what conduct is excluded. If the statute survives a facial challenge, a litigant may succeed on a vagueness claim only by demonstrating that the statute is impermissibly vague as applied to him or her. *Williams* at 532.

{¶ 21} If the statute is being challenged as applied to the circumstances of a particular case, the challenger "contends that application of the statute in the particular context in which [s]he has acted * * * [is] unconstitutional." *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17.

{¶ 22} In this case, appellant alleges that R.C. 2307.03(A)(7)'s use of "person in authority" is unconstitutional as it was applied to her. She complains that the statute fails to "describe what authority that person must have" and that "without a definition of which other school employees are 'person[s] in authority' the statute is left subject to arbitrary and discriminatory enforcement."

{¶ 23} Contrary to appellant's suggestion otherwise, the statute's failure to define "person in authority" does not, ipso facto, render the term unconstitutionally vague. Rather, the words must be construed according to the rules of grammar and common usage. *State ex rel. Rose v. Ohio Dept. of Rehab and Corr.,* 91 Ohio St.3d 453, 455, 746 N.E.2d 1103 (2001).

{¶ 24} The trial court and the parties referred to the Merriam-Webster.com definition of "authority" which defines the word as follows: "the power to give

7.

orders or make decisions: the power or right to direct or control someone or something."

{¶ 25} Appellant's job description included a broad variety of activities, necessitating frequent, if not daily, one-to-one interactions with student athletes. Many of those interactions, by virtue of the position, involve the power to make decisions affecting the student athlete and/or to direct his or her movements. For example, appellant was specifically required to instruct students how to operate training equipment and to act as a liaison between the athlete and the physical therapist(s). Appellant's job duties included but were not limited to:

Safeguard the health and well-being of students in athletic activities;

Prevent injuries;

Supervise and monitor protocols as prescribed by the physician and or physical therapist;

Instruct patients in physical therapy activities and use of equipment;

Attend meetings to report patient progress.

{¶ 26} We find that persons of ordinary intelligence would understand that the statute's prohibition of sexual contact between students and "persons of authority" would include an athletic trainer with appellant's job description who was assigned to work in the school.

8.

**{¶ 27}** Appellant counters that she was not a "person in authority" because she lacked the "ultimate power to keep an athlete out of a sport" and/or because she had no disciplinary authority over students.

**{¶ 28}** We disagree. The absence of any modifying language to the term "person in authority" indicates an intention by the legislature that it apply broadly. Contrast R.C. 2907.03(A)(7) to the preceding subsection, (A)(6), which criminalizes sexual conduct between a person in a penal, hospital or other institution and a person with "supervisory or disciplinary authority over the other person." If the legislature intended to limit criminal liability in Section (A)(7) to those with supervisory or disciplinary authority, it could have done so.

**{¶ 29}** Thus, appellant need not have had either ultimate authority, or disciplinary authority over student athletes for her to fall within the parameters of the statute. "It is not a 'prerequisite' to the statute 'that the person *actually* make *or enforce rules,*' rather, '[i]t is sufficient for the person acting* * * to be an *authority figure,* with the *ability* to exercise an inherent parent-like power over a vulnerable child.'" (Emphasis sic.) *State v. Thomas*, 8th Dist. Cuyahoga No. 88844, 2007-Ohio-4064, ¶ 29 ("*Thomas II*"), quoting *State v. Vaught,* 9th Dist. Summit No. 22846, 2006-Ohio-4727, ¶ 12.

**{¶ 30}** *State v. Thomas* involved two appeals before the Eighth Appellate District. In the first, the court held that R.C. 2907.03(A)(7) is not unconstitutionally vague as applied to a school security guard and that the security guard was a person of authority under the statute. *State v. Thomas*, 8th Dist. Cuyahoga No. 85155, 2005-Ohio-2631

9.

("*Thomas I*").  The court remanded the case for trial, and following appellant's conviction, he appealed.

{¶ 31} In the second appeal, the appellate court found that the manifest weight of the evidence supported the security guard's conviction.  It found,

> The statute "can clearly be understood by ordinary people" to prohibit "any person in a position of authority over a minor * * * from taking advantage of his position * * *.  Ordinary common sense informs an individual when he is in a position of authority and has disciplinary control, whether temporary or occasional, over a minor."  *State v. Gorenflo*, 3rd Dist. Marion No. 9-2000-101, 2001 WL 542113 (May 23, 2001).  The trial court reasonably conclude, based upon the evidence, that [the security guard's] sexual encounter with a student occurred because he used his position to "take advantage."  *Thomas II* at ¶ 32.

{¶ 32} That appellant had no authority to discipline students or to prevent them from competing in this case is not dispositive.

{¶ 33} Finally, appellant complains that the trial court failed to address her arguments with regard to whether school custodians, cafeteria workers, nurses and/or maintenance workers would be considered "persons in authority."  We offer no opinion as to appellant's hypothetical arguments.  We decide today only whether the statute is unconstitutionally vague as applied to her.  We find that it is not.

10.

**{¶ 34}** Appellant has failed to establish, beyond a reasonable doubt, that R.C. 2907.03(A)(7) is unconstitutionally vague as applied to her.

**{¶ 35}** Under the facts of this case, we find that R.C. 2907.03(A)(7) provides sufficient notice that sexual contact between a school athletic trainer and a student at the same school would constitute sexual battery and that the statute provides sufficient standards to prevent arbitrary and discriminatory enforcement. Appellant's first assignment of error is not well-taken.

## VI. Appellant's Postrelease Control Challenge

**{¶ 36}** In appellant's second assignment of error, she argues that the trial court erred in sentencing her to five years of postrelease control as to both counts.

**{¶ 37}** The trial court's sentencing entry states, in part,

The Court further finds that defendant caused or threatened physical harm to a person. It is further ORDERED the defendant is subject to 5 years mandatory post-release control as to count 1, 5 years mandatory post-release control as to count 2, after defendant's release from imprisonment pursuant to R.C. 2967.28 and 2929.14.

**{¶ 38}** Appellant argues that there is no evidence in the record to support the conclusion that appellant caused or threatened to cause physical harm to another. Appellant surmises that the trial court's "finding is apparently what caused the Court to determine that Appellant is subject to a mandatory five year period of post release control, as to each of the two counts of sexual battery."

11.

{¶ 39} Ohio's sexual battery statute is classified as a third degree felony. R.C. 2307.03(B). The trial court found appellant guilty on two counts of violating the sexual battery statute and sentenced her to two five-year terms of mandatory postrelease control. The trial court's imposition of postrelease control was mandatory, and the five-year term is dictated by statute. R.C. 2967.28 provides, in part,

(B) Each sentence to a prison term * * * for a felony sex offense * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be of one of the following periods:

For * * * a felony sex offense, five years; * * *

{¶ 40} Thus, the imposition of two five-year sentences was mandatory based upon appellant's felony sex offense convictions, and not based upon whether or not she inflicted, or attempted to inflict, physical harm.

{¶ 41} Appellant's second assignment of error is not well-taken.

{¶ 42} Having found no error prejudicial to appellant, the judgment of the trial court is affirmed, and appellant's bond is revoked. Pursuant to App.R. 24, costs are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Stephen A. Yarbrough, P.J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.