[Cite as *State v. Brown*, 2017-Ohio-8298.]

STATE OF OHIO          )              IN THE COURT OF APPEALS
                        )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                        C.A. No.      28432

      Appellee

      v.                              APPEAL FROM JUDGMENT
                                   ENTERED IN THE
DONALD EUGENE BROWN          COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellant                  CASE No.     CR 04 12 4150 (A)

DECISION AND JOURNAL ENTRY

Dated: October 25, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Donald E. Brown, appeals the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In 2005, the trial court sentenced Brown to an 11-year term of imprisonment after a jury convicted him of one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), a first-degree felony, one count of possession of marijuana in violation of R.C. 2925.11(A), a second-degree felony, one count of possession of marijuana in violation of R.C. 2925.11(A), a fourth-degree misdemeanor, three counts of having weapons while under disability in violation of R.C. 2923.13(A)(2)/(3), all third-degree felonies, one count of endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor, and one count of criminal trespass in violation of R.C. 2911.21(A)(1), a fourth-degree misdemeanor. The trial court also ordered Brown to serve a five-year period of postrelease control upon his release from prison. This

Court affirmed Brown's convictions on appeal. *See State v. Brown*, 9th Dist. Summit Nos. 23076, 23080, 2006-Ohio-6749.

{¶3} On October 15, 2009, Brown filed a motion for resentencing arguing that although the trial court's sentencing entry imposed a five-year period of postrelease control, the trial court failed to notify him of postrelease control at his sentencing hearing. The State agreed that Brown should be resentenced. On December 21, 2009, the trial court resentenced Brown on the record to a mandatory eight-year term of imprisonment and ordered him to serve a mandatory five-year period of postrelease control. The trial court journalized this sentence in an entry dated February 1, 2010.

{¶4} In 2011, Brown filed a motion to vacate his sentence pursuant to *State v. Pelfrey*, 112 Ohio St.3d 422 (2007), arguing that his sentence for trafficking in marijuana (count one of the indictment) is illegal. The State filed a brief in opposition to Brown's motion to vacate sentence. A review of the record indicates that the trial court never explicitly ruled on Brown's motion to vacate sentence.

{¶5} On October 31, 2013, Brown filed a "motion to discharge defendant from all obligations related to post release control." The trial court held a hearing on Brown's motion and, upon agreement of the parties, issued a nunc pro tunc entry altering Brown's sentence with respect to his trafficking in marijuana conviction from a mandatory five-year period of postrelease control to a mandatory three-year period of postrelease control. Thereafter, in 2015, Brown again filed a "motion to discharge defendant from all obligations related to post release control," which was identical to his 2013 motion. The trial court denied Brown's successive motion.

{¶6}    In July of 2016, Brown filed a writ of error coram nobis resident and a motion to quash or hold, to which the State responded in opposition. The trial court ultimately denied Brown's motions concluding that a writ of error coram nobis resident does not exist under Ohio law and that Brown's motion to quash or hold was barred by the doctrine of res judicata. On October 5, 2016, Brown filed a motion to terminate his postrelease control, which the State opposed. The trial court denied Brown's motion to terminate postrelease control.

{¶7}    Brown filed this timely appeal and presents one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred by denying Mr. Brown's motion to terminate his void [postrelease] control. Entry, December 21, 2009; *State v. Peterson*, 8th Dist. [Cuyahoga] No. 96958, 2012-Ohio-87, [¶] 9.**

{¶8}    In his sole assignment of error, Brown argues that the trial court erred by denying his motion to vacate void postrelease control. We disagree that his five-year term of postrelease control was void. We vacate the trial court's nunc pro tunc imposition of a three-year term of postrelease control as void.

{¶9}    Brown was convicted of several crimes following a jury trial, the highest level offense being trafficking in marijuana in violation of R.C. 2925.03(A)(2), a first-degree felony. This Court has recognized that, if a trial court is sentencing for multiple convictions, its "imposition of one term of postrelease control is proper." *State v. Kracker*, 9th Dist. Summit No. 25315, 2010-Ohio-5329, ¶ 6; *see* R.C. 2967.28(F)(4)(c) ("If an offender is subject to more than one period of post-release control, the period * * * for all of the sentences shall be the period * *

* that expires last[.]"). R.C. 2967.28(B)(1) states that a five-year period of postrelease control shall be imposed upon a defendant's conviction for a felony of the first degree.

{¶10} A review of the trial court's February 1, 2010 sentencing entry reflects that the trial court imposed "[f]ive (5) years of mandatory post release control" upon Brown's release from prison. Because Brown was convicted of a first-degree felony, we conclude that the trial court's imposition of a five-year period of postrelease control at the resentencing hearing was proper. *See* R.C. 2967.28(B)(1). Accordingly, the trial court did not err by failing to notify Brown during the resentencing hearing that he was subject to only a three-year period of postrelease control.

{¶11} Moreover, although the trial court issued a nunc pro tunc entry on April 22, 2014 that altered Brown's mandatory postrelease control sentence from five years to three years following a hearing on the matter, the nunc pro tunc entry fails to explain the trial court's basis for doing so, and the transcript from said hearing has not been made a part of the appellate record. While we recognize that the trial court's April 22, 2014 nunc pro tunc entry was issued pursuant to an agreement between the parties, the imposition of a mandatory five-year term of postrelease control upon a defendant's conviction for a first-degree felony is dictated by statute. *See* R.C. 2967.28(B)(1); *State v. Rober*, 6th Dist. Lucas No. L-14-1168, 2015-Ohio-5501, ¶ 39. Accordingly, we vacate the trial court's April 22, 2014 nunc pro tunc entry, as it is violative of the clear mandate contained in R.C. 2967.28(B)(1). Lastly, because the trial court properly notified Brown of the mandatory five-year period of postrelease control during his resentencing hearing in 2009 and in its sentencing entry, a remand for resentencing is unwarranted in this case.

{¶12} Brown's assignment of error is overruled.

III.

{¶13} With Brown's sole assignment of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgement affirmed and
April 22, 2014 order vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DONALD E. BROWN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.